NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS COPELAND, JR., | Civil Action No.: 07-341 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| UNIVERSITY OF MEDICINE AND DENTISTRY OF NEW JERSEY, et al., | |
| Defendants. | |

**LINARES**, District Judge.

This matter comes before the Court on the motion for reconsideration filed by Plaintiff. The Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons discussed herein, the Court denies Plaintiff's motion.

**I.     BACKGROUND**

Plaintiff commenced this action alleging that the University of Medicine and Dentistry of New Jersey ("UMDNJ") terminated his employment in retaliation for disclosures he made to authorities concerning political corruption in the Government Affairs Department at UMDNJ. His complaint alleged the following claims: a violation of New Jersey's Conscientious Employee Protection Act ("CEPA"), N.J.S.A. §§ 34:19-1 to 34:19-8, a violation of his constitutional rights pursuant to 42 U.S.C. § 1983, and for wrongful discharge in violation of public policy. On January 30, 2009, Defendants moved for summary judgment on all counts. As noted in this

Court's summary judgment opinion,

> Plaintiff's [summary judgment] opposition papers were due on February 17, 2008; the motion return date was March 2, 2008. On March 3, 2009, Plaintiff filed a "Supplemental Statement of Disputed Material Facts and Response to Defendant[s'] Rule 56.1 Statement of Facts." This document was labeled "Brief" on the docket, but no brief was attached. Plaintiff's counsel also submitted a certification which lists attached exhibits in support of the opposition, but no exhibits were included.

Copeland v. UMDNJ, No. 07-341, CM/ECF No. 24, at 1 n.1 (July 27, 2009). By letter posted on the docket on March 4, 2009, Defendants objected to Plaintiff's late and incomplete filing and requested that it not be considered. However, this Court, as made clear in its opinion, considered the submission, including Plaintiff's counter-statement of facts. See id., at 2. Plaintiff's counter-statement of fact submission was 38 pages, including 28 pages of supplemental "disputed material facts." Although Plaintiff's fact statement and certification referenced some exhibits not included, some of the references were to documents included with Defendants' submission, e.g. references to Ms. Miller-Armbrister's deposition testimony. To the extent an exhibit relied on was not included, this Court treated the *factual* assertions as true despite the absence of supporting materials. Because this Court found that Plaintiff had failed to raise a genuine issue of material fact with respect to his causes of action, it did not request or permit a reply submission by Defendants, finding such submission unnecessary. The Court granted summary judgment to Defendants on all counts; the Opinion and Order were entered on July 27, 2009.

Plaintiff filed the present motion for reconsideration on August 11, 2009, eleven business days after entry of judgment. In his motion, Plaintiff asks first that reconsideration be granted to consider the summary judgment supporting papers intended to be but not included with his original submission, and also that reconsideration be granted because the Court overlooked facts

or questions of law which were presented to, but not considered by it. Defendants filed a brief in opposition to Plaintiff's motion; Plaintiff filed no reply.

## II. LEGAL STANDARD

"Reconsideration is an extraordinary remedy" and should be "granted 'very sparingly.'" See L.Civ.R. 7.1(i) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005). A party seeking reconsideration shall file and serve its motion within ten business days after the entry of the order on the original motion. L. Civ. R. 7.1(i). A motion for reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." Id. When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." McGovern v. City of Jersey, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008).

## III. DISCUSSION

As an initial matter, this Court finds that Plaintiff's motion for reconsideration is untimely having been filed on the eleventh business day after entry of the order on the summary judgment motion. Plaintiff offers no explanation for its untimely submission; the issue was raised in Defendants' opposition brief, and Plaintiff filed no reply. However, aside from timeliness, Plaintiff's motion lacks merit.

### A. Request for Reconsideration Based on Attorney Error

"Plaintiff acknowledges that [attorney filing errors] do not suffice to entitle him to reconsideration under the strict requirements of Local Civil Rule 7.1(i)." (Pl.'s Br. in Supp. of Mot. for Reconsideration, at 3 [hereinafter "Pl.'s Br."].) Instead he points to Local Civil Rule

83.2(b) which provides that "any Rule may be relaxed or dispensed with by the Court if adherence would result in surprise or injustice." Plaintiff's counsel argues that Rule 7.1's requirements should be relaxed here because counsel's inadvertent filing error should not be visited on his client, especially for a CEPA claim, a cause of action which also serves a public purpose. He asks that the Court consider the exhibits and opposition brief inadvertently excluded from Plaintiff's original filing. The Court finds this argument without any merit under the circumstances of this case.

  First, there was no surprise or injustice here. On March 4, 2009, by way of its request to strike Plaintiff's March 3 incomplete and untimely filing filed on the CM/ECF, Defendants notified the Court and Plaintiff's counsel of the error in the submission. An electronic notification of this letter was sent to Plaintiff's counsel, Mark Lawrence. Despite this, Plaintiff's counsel never sought to complete its submission in the four plus months between Defendants' letter and this Court's ruling on the motion. Thus, not only should Plaintiff's counsel have checked the accuracy of his own filing, but even if he did not, he was alerted to the error by Defendants' counsel.

  Second, and more importantly, the Court considered Plaintiff's lengthy, detailed fact submission despite it being untimely filed. The information in the exhibits now sought to be considered were included in Plaintiff's fact submission. The exhibits merely provide support for his factual assertions, they do not provide new facts. As stated by Plaintiff in his reconsideration motion: "In fact, the data plaintiff seeks to rely on now is the data originally identified in the statement of fact and certification plaintiff . . . managed to successfully file in March." (Pl.'s Br., at 5.) As noted above, although the Court did not credit any factual or legal conclusions made by

Plaintiff, this Court did credit the *factual* assertions in his submission. With respect to the opposition brief that was not originally filed, although Plaintiff states that it is included in his current submission, it is not. No opposition brief in this case has been filed to date. Again, Defendants raised this issue in their opposition, and Plaintiff filed no reply or submitted any additional materials. Therefore, to the extent there was any attorney filing error with respect to the exhibits, there was no harm to Plaintiff from this error as the Court considered his fact statement. The Court finds that relaxation of the requirements of Rule 7.1 are not appropriate in this case.

### B.   Overlooked Facts or Law

The Court has not overlooked any law presented to it by Plaintiff; no law was presented to it as Plaintiff never filed any opposition brief. With respect to its arguments that the Court overlooked facts, more specifically, contradictions in the facts, the Court first notes that Plaintiff's motion only addresses the issue regarding the basis for Ms. Miller-Armbrister's decision. His motion does not address the Court's rulings with regard to other claims against UMDNJ, not based on Ms. Miller-Armbrister's decision, and against Dr. Vladeck in his official and individual capacities; these include the CEPA claim against Dr. Vladeck, the § 1983 claim, and the wrongful discharge claim. Therefore, the only issue before the Court is whether reconsideration of Plaintiff's CEPA claim against UMDNJ based on Ms. Miller-Armbrister's actions is appropriate.

As noted in its Opinion, no *evidence* was submitted to raise a genuine issue of fact that anyone besides Ms. Miller-Armbrister and Dr. Vladeck were involved in Plaintiff's termination. There was evidence that could support a finding of motive or animus on the part of other

UMDNJ employees, Ms. Davis-Jackson in particular. However, Ms. Davis-Jackson was no longer a UMDNJ employee at the time of Plaintiff's termination. "A retaliatory *motive* on the part of non-decision-makers is not enough to satisfy the *causation* element of a CEPA claim." Caver v. City of Trenton, 420 F.3d 243, 258 (3d Cir. 2005) (emphasis in original). Thus, as the Court held in its Opinion, "to survive summary judgment he must demonstrate that a genuine issue of material fact exists regarding whether *Ms. Miller-Armbrister* and *Dr. Vladeck* were motivated by retaliation in their decision to terminate his employment." Copeland, No. 07-341, at 8 (emphasis in original). Plaintiff argues that, in reaching its decision that he had failed to meet this burden, the Court overlooked inconsistencies in Ms. Miller-Armbrister's testimony and the evidence surrounding her decision to terminate Plaintiff's employment, and that it overlooked the "significance"of statements made by Ms. Miller-Armbrister. An assertion that this Court overlooked inconsistencies in evidence or the significance of evidence is not the same thing as overlooking facts–the former is really just a disagreement with the Court over what the facts mean. The facts pointed to by Plaintiff in his reconsideration motion were included in his fact statement considered by the Court for the summary judgment motion. Disagreement with the Court's interpretation of the material presented is a matter for appeal, not reconsideration.

As noted by the Court above, Ms. Miller-Armbrister's deposition testimony was included with Defendants' summary judgment papers. The Court clearly considered her testimony as it quoted from it in its Opinion. An inference supporting causation may be appropriate where a plaintiff shows that the employer gave inconsistent reasons for the adverse action. See Farrell v. Planters Lifesavers Co., 206 F.3d 271, 280-81 (3d Cir. 2000); Kachmar v. Sungard Data Sys., 109 F.3d 173, 177 (3d Cir. 1997). But, mere inconsistency on some point is not enough; a

"plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them *unworthy of credence*." Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994) (internal citations and quotations omitted). After a review of all of the evidence and given the unique fact situation present in this case, where Plaintiff's department at UMDNJ was subject to federal monitoring and everyone was required to cooperate with authorities and the fact that the people responsible for his termination were newly appointed to their positions and not associated with the previous allegedly corrupt activities, this Court found that the evidence did not raise a material issue of fact as to whether Ms. Miller-Armbrister's decision to terminate Plaintiff was motived or caused by any retaliatory animus. The evidence presented was not sufficient to find that the reasons given for his termination–elimination of his position–were unworthy of credence. The Court did note that "Mr. Copeland has asserted facts which could support an allegation of animus by Ms. Davis-Jackson and perhaps other UMDNJ employees or affiliated persons." Copeland, No. 07-341, at 7. But, that was not the issue before the Court, as no *evidence* was submitted that Ms. Davis-Jackson or these other persons were involved in the decision to terminate Plaintiff's employment. Therefore, the court finds that Plaintiff has pointed to no facts overlooked by this Court; he merely asserts that the Court mis-evaluated the evidence presented and considered. Plaintiff's motion for reconsideration is denied.

## IV.  CONCLUSION

For the foregoing reasons, this Court denies Plaintiff's motion for reconsideration. An appropriate Order accompanies this Opinion.

DATED: September 21, 2009  /s/ Jose L. Linares
JOSE L. LINARES
UNITED STATES DISTRICT JUDGE